### D. D. BENSON ET AL. v. G. G. HOLLOWAY.

1. GARNISHMENT. *Errors in main suit.*
    A garnishee cannot object to irregularities in the proceeding against the principal debtor, unless they are such as render the judgment void.
2. SAME. *Service. Return.*
    If a garnishment does not name the garnishees, the return must ; but a return of " executed " is sufficient on a writ which gives the names.

APPEAL from the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

The appellee, upon an affidavit, which doubled the debt by repeating it, and a bond in the penalty of twice the sum due, sued out an attachment against J. S. Terrel, which named the appellants garnishees. The sheriff returned the writ, "executed by levying upon one lot of goods," which was delivered to E. W. Blanchard on his claimant's bond, and further " executed the within process on" the garnishees, naming them. After establishing the debt over the defendant's plea, and condemning the property without disposing of Blanchard's claim, judgments for want of answers were rendered against the appellants, who assign as errors that, (1) the attachment bond is not in sufficient amount as shown by the affidavit in attachment ; (2) the return on the attachment writ is not in accordance with the statute ; (3) the execution of the writ of garnishment is defective ; and (4) no disposition was made of the claim of Blanchard to the property attached.

*Frank Johnston*, for the appellants.

The attachment bond is only in the amount of the debt, if the affidavit is correct, and it is therefore fatally defective. *Tyson* v. *Hamer*, 2 How. 669; *Ford* v. *Woodward*, 2 S. & M. 260; *Houston* v. *Belcher*, 12 S. & M. 514; *Goodhue* v. *McClarty*, 3 La. An. 56; *Martin* v. *Thompson*, 3 Bibb, 252; *Samuel* v. *Brite*, 3 A. K. Marsh. 317; *Marnine* v. *Murphy*, 8 Ind. 272. Full description of the property seized is essential in the levy of an attachment, but the return in this case is accompanied with no inventory. Code 1880, § 2424; *Crizer* v. *Gorren*, 41 Miss. 563; *Ezelle* v. *Simpson*, 42 Miss. 515; *Saunders* v. *Columbus Ins. Co.*, 43 Miss. 583; *Gustavus* v. *Marx*, 44 Miss. 446; *Tucker* v. *Byars*, 46 Miss. 549; *Phillips* v. *Harvey*, 50 Miss. 489. The execution of the garnishment is invalid. Code 1880, §§ 2424, 2425; *Saunders* v. *Columbus Ins. Co.*, 43 Miss. 583; *Tucker* v. *Byars, ubi supra.* It is the duty of the sheriff to state the facts constituting his proceedings. Code 1857, p. 489, art. 63, required a "written statement of his proceedings." Code 1880 is practically the same. The garnishment is part of the attachment writ and to be served according to the special statute, and the general law (Code 1880, c. 58), does not apply. Disposition of the claim to the property seized was a prerequisite to its condemnation.

*R. N. Miller*, for the appellee.

The affidavit merely states the debt twice, and the bond is in the proper amount; the return is sufficiently explicit; the garnishment, which is process, was properly "executed" (Code 1880, § 1528), and the appellants have nothing to do with Blanchard's claim. Except the execution of the garnishment, which is correct, the errors assigned are mere irregularities, of which the garnishees cannot complain. *Ford* v. *Hurd*, 4 S. & M. 683; *Whitehead* v. *Henderson*, 4 S. & M. 704; *Matheny* v. *Galloway*, 12 S. & M. 475; *Crizer* v. *Gorren*, 41 Miss. 563; *Christian* v. *O'Neal*, 46 Miss. 669; *Harrington* v. *Wofford*, 46 Miss. 31; *Erwin* v. *Heath*, 50 Miss. 795; *Loughridge* v. *Bowland*, 52 Miss. 546; *Hinds* v. *Miller*, 52 Miss. 845. No error in the exercise of the original jurisdiction in the attachment case can be availed of by the garnishees. *Wall* v. *Wall*, 28 Miss. 409; *Campbell* v. *Hays*, 41 Miss. 561. A judgment

not void, but merely erroneous, cannot be attacked collaterally. *Parisot* v. *Green*, 46 Miss. 747 ; *Hooker* v. *Yale*, 56 Miss. 197 ; Freeman on Judgments, § 249.

*Ben King, Jr.,* on the same side.

The defendant in attachment appeared and pleaded, and the issue was found against him.   Errors in that proceeding do not affect the garnishees.   Under Code 1880, §§ 2460, 2476, the Blanchard claim may still be pending, since it must be tried after judgment against the defendant, and may be determined after the conclusion of the garnishment proceeding. The sheriff's failure to file a schedule of the property seized is an irregularity of which the plaintiff and defendant and claimant can alone complain.   If the services upon the garnishees were void, this would be fatal to the judgment against them ; but the return is in accordance with the statute.   Code 1880, §§ 1528, 2443.

*H. C. Fairman,* on the same side.

Section 2425 of the Code of 1880 refers to the attachment writ proper, and § 2442 relates to garnishment.   The return is a compliance with the latter requirement.   The intent of the later statutes is to simplify the service of process, and disembarrass it of technicalities.   This appears distinctly in § 2442 ; but, to remove all doubt, § 1528 provides that " executed " shall be a sufficient return on any process.   Unless it is held that a summons to a garnishee is not " process," this section is conclusive.

CHALMERS, C. J., delivered the opinion of the court.

It is well settled that a garnishee can only avail himself of such invalidities in the proceedings against the principal debtor as would make the judgment rendered void.   With such irregularities as are available only on appeal, he has no concern.   All the assignments of error in this case, except the third, relate to supposed errors in the conduct of the case against the defendant, and none of these were of such character as made the judgment against the defendant void.   The attachment bond was given, as we think, in the proper amount, so that no point arises on that.   *Whithead* v. *Henderson*, 4 S. & M. 704; *Matheny* v. *Galloway*, 12 S. & M. 475.

The return on the writ of garnishment was correct.  A writ
of garnishment is original process as to the garnishee, and
by Code 1880, § 1528, it is provided that a return of " exe-
cuted " shall be sufficient as to all process.  There is, how-
ever, a specific mode of executing a writ of garnishment
provided by § 2442, and it is declared that a return by the
officer that " he has summoned certain persons, naming them,
as garnishees, shall be a sufficient return of the summoning of
such garnishees."  The writ in this case distinctly named the
parties to be summoned, styling them garnishees, and direct-
ing that they be summoned as such.  A return of " executed "
on such process was sufficient, and of itself implies that the
officer has done the things directed by the statute.  If there
had been no such specific directions in the writ, but it had
been an ordinary attachment writ, it would have been neces-
sary for the officer to have stated that he had summoned cer-
tain persons, naming them, as garnishees, or that he had
executed the writ on certain persons, naming them, as gar-
nishees.  Under such a return also the legal implication is
that he has complied with the requirements of the statute as
to the mode of execution.                          *Affirmed.*