GEORGE W. FAISON v. M. WOLF.

1. GARNISHMENT. *Service of writ. Form of return. Sections 2442 and 2543, Code 1880.*

   Section 2442 of the Code of 1880 provides that "The manner of summoning a garnishee [in attachment] shall be, to read to him the writ of attachment, if he requires it, and to inform him that he must appear at the court to which the writ is returnable, there to answer, on oath in writing, what he is indebted, etc.;" and a return of the officer executing it, on the attachment, that he has summoned certain persons, naming them, as garnishees, shall be a sufficient

return of the summoning of said garnishees. And ₹ 2443 declares that, "It shall not be necessary to furnish a garnishee with a copy of the writ of attachment, but he may demand and receive from the officer summoning him a notice in writing of the answer he is required to make as above set forth; and it shall be the duty of the officer, upon such demand, to deliver to the garnishee such written summons." Under these provisions, a return of service of an attachment on a garnishee in these words, "executed by serving a copy of the within writ on said G. W. F.," does not show good service, even if it be taken to imply that a copy of the writ was delivered to the garnishee personally.

2. SAME. *Specfic return. Effect of " Executed." Sections* 1528, 2442, 2443, *Code* 1880.

While such return fails to show service in the manner prescribed by the statute above quoted, it states too much to permit of the presumption to which the general return of "Executed" would have given rise under ₹ 1528 of the code, construed in connection with the sections above referred to.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

M. Wolf, having sued out an attachment against George M. and John A. Klein, at the return term thereof, recovered judgment for the amount of his demand, about nine thousand dollars, against the defendants and also against George W. Faison as garnishee. The judgment against Faison was by default, and was based upon a return of service of the writ of attachment, indorsed thereon by the sheriff, with the proper date and his signature, in these words: "Executed by serving a copy of the within writ on the said G. W. Faison." From the judgment thus rendered against him Faison appealed to this court.

*R. B. Campbell,* for the appellant.

Was the process properly served on appellant?

Before the adoption of the Code of 1880 it was necessary that the "return" should state how the process was executed, that the court might know that it was done as the law required. The present code says this shall not be *necessary.* If, however, the officer sees fit to state the particulars of the service no implication arises, but such statement is the evidence of the manner of service, and *excludes all presumptions* that the process was served *in any other manner than that expressed.* When the officer sees fit to state

the particulars of the service of process in his "return" he must show that it was executed in the manner required by law, and when his "return" does not show that the process was so executed, a judgment *by default* thereon should be reversed. This was the rule before the Code of 1880, and is still the rule, unless the officer makes the general return of "Executed," as the code *permits.* According to § 2442 of the code, "the *manner* of summoning a garnishee shall be to read to him the writ of attachment, *if he requires it, and to inform him that he must appear at the court to which the writ of attachment is returnable, there to answer in writing under oath what he is indebted or was indebted to the defendant in the attachment,"* etc. At all events, the officer must inform the garnishee what he must do, and the above quoted section of the code designates what that information shall be. *Additional* to *"informing"* the garnishee as to the particulars specified in the statute, the officer shall *read* to him the writ of attachment, *if he requires it.* *"Reading the writ"* is dependent upon the requirement of the garnishee; but *"informing him"* of the things which he is required to do is an absolute requirement of the law. The law requires the officer to inform the garnishee *what to answer,* as set forth in the statute. To tell him to answer in writing under oath *as garnishee* is not sufficient; for the statute says the manner of summoning a garnishee *shall be* to *"inform"* him of *certain things* which are enumerated therein, and the writ served on appellant does not impart the information required in the statute. The statute says the *officer* must *inform* the garnishee, among other things, to answer *"what he is indebted to defendant,"* etc. The writ served on appellant recites in a preamble that appellee had suggested that appellant was indebted to ———— or had effects of theirs in his hands. To whom does this writ say he was indebted? Whose effects does it say he had in his hands? If it be said that "serving a copy" of a writ is a good service, the writ, of which a copy is served, must be so framed as to inform the garnishee of *what* and *how* he is to answer, in unmistakable language, as specified in the statute. It is said in *Halloway* v. *Benson,* 59 Miss. 358, that process of garnishment is original process as to the garnishee, and although § 2443

makes it unnecessary to furnish a copy of the writ of attachment, yet when the "return" on the writ shows that it was executed by "serving a copy" on appellant, it should be construed in the light of the statute on original process. Section 1527, Code of 1880, prescribes *three ways* of "serving a copy": First, by *handing* a copy to the party in person; second, by *leaving a copy* at his usual abode, etc.; third, by *posting* a copy, etc. Now, which one of the three ways above specified was the writ served on appellant? "*Serving a copy*" on appellant may be "by handing it to him in person," "by leaving it at his usual place of abode," etc., or "*by posting* it on a *door* of his usual place of abode." A return of "executed" on the writ would imply that it was properly executed, but a return of "executed by *serving a copy* of the within writ" does not imply that the writ was executed in any one of the three ways mentioned in § 1527 of the Code of 1880.

*W. A. Percy,* on the same side.

The return of service of the process upon appellant will not support a judgment by default.

The method of executing process upon a garnishee is governed by a law unto itself. The directions of the statute are specific. No kind of constructive service is allowable. In other cases service may be had by leaving a copy with the wife or other person, or by posting at the usual place of abode. But not so with a garnishee. In his case the statute requires that the officer shall read to him the writ, if required; shall inform him that he must appear at the court to which it is returnable, there to answer, on oath in writing, what he is indebted, or was indebted, to the defendant in attachment at the time he is summoned or since that time, or what effects of said defendant he has in his hands or had at the time of such summons or has had since, or what other persons he knows or believes to be indebted to defendant, or have effects of his in their hands. Section 2442, Code 1880. This is the exclusive and sole method of executing process upon a garnishee, where the same is embodied in an attachment writ. The idea of any other than personal service is precluded by the verbiage of the statute.

There are only three modes of making return on the process, which will show that it has been executed in the manner required by law. They are : (1) by saying so, by setting out and stating in detail that the officer has served the writ in all respects as required by § 2442; (2) by stating that he has "summoned" the person, naming him, as garnishee; (3) by a general return of "Executed" on the person, naming him, as garnishee.

The first return is good because the statute says that the writ shall be executed as the officer states it has been. The second return is good because the statute *says* it "shall be sufficient." It is good by force of the statute, and is thereby made to mean that the writ has been served as the statute requires. The third return is good again by force of the statute and the decision of this court in *Benson* v. *Halloway,* 59 Miss. 358, making § 1528 of the code apply as well to garnishment as all other process.

*W. A. Percy* also made an oral argument.

*Calhoon & Green,* for the appellee.

The objection to the return that it does not show that the officer informed the party, either orally or in writing, of the answer he was to make, is predicated on a misconception of the statutes. The writ of attachment commands the officer to seize the defendant's property wherever found; and, if he finds any person having defendant's property, or indebted. to him, the statute requires him to summon such person as garnishee. Section 2423 code. This summons is *without a writ against the garnishee,* and is made on the officer's own responsibility. There is no record of his act, save what he makes himself; hence § 2442 requires him to read the "*writ of attachment*" to the garnishee, if he requires it, and to inform him of the answer he must make either orally or in writing, "and to return by the officer executing it, *on the attachment,* that he has summoned certain persons, naming them, *as garnishees,* shall be a sufficient return of the summoning of such garnishees." Section 2443 provides it shall not be necessary to furnish a garnishee with "a copy of the *writ of attachment,*" but on demand he shall furnish him in writing a notice of the answer he is to make. Thus, by reading the writ of attachment the garnishee is informed

of the suit, etc., and the officer gives him the form of answer, and thus he has ample notice, though the writ is against another.

But here the *writ of garnishment* was issued under § 2422 *code, against Faison* and others as garnishees, and in the language of that section. The same form of writ was approved in *Benson* v. *Halloway,* 59 Miss. 358, wherein it was held that upon such a writ "Executed" was a good return and *warranted a judgment by default.*

Under § 2422 the garnishee named in the writ becomes a party to the suit, and he is entitled to a copy of the writ, and that is the proper mode of service; whereas in the other case there is no writ for the garnishee, and he becomes a party only by the officer complying with § 2442. Of course it is not necessary to give a garnishee under §§ 2442–3 a copy of the "*writ of attachment.*" That affords him no notice of his position as garnishee; but when, under § 2422, a "summons of garnishment" is served on him, he is informed of the nature of the proceeding against him. As such an original process it is to be executed as other original process. *Benson* v. *Halloway,* 59 Miss., *supra.*

The return "and further executed by serving a copy of the within writ on the said G. W. Faison," is a good return of a *personal service.* In *Fatheree* v. *Long,* 5 How. 664, "Executed" was held good because the court presumes the officer did his duty. And therein it is said that in case of *constructive service* the statute must be strictly complied with—no such strictness should be applied where the party has personal notice.

In *Milam* v. *Strickland,* 45 Miss. 72, the return was, "Executed on the within-named J. J. Milam, this Oct. 12, 1876, by personal service, copy waived." Held good under the statute requiring a written statement of the sheriff of his proceedings on process. See also *Morehead* v. *Chaffe,* 52 Miss. 161; *Robinson* v. *Miller,* 59 Miss. 237; *Rigley* v. *Lefevre,* 58 Miss. 643.

*S. S. Calhoon,* of counsel for the appellee, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

Under the Code of 1880 the service of process on the appellant,

as shown by the record, did not warrant judgment by default against him.

Sections 2442 and 2443 of the code, regulating the manner of summoning a garnishee, are new provisions in our statutes. They provide that "the manner of summoning a garnishee shall be to read to him the writ of attachment, if he requires it, and to inform him that he must appear at the court to which the writ of attachment is returnable, there to answer on oath, in writing, what he is indebted or was indebted to the defendant in the attachment at the time of the summoning of such garnishee or since that time, or what effects of the defendant he has in his hands or had at the time of such summons or has had since, and what other persons, to his knowledge or belief, are indebted to said defendant or have effects of his in their hands, and a return by the officer executing it on the attachment that he has summoned certain persons, naming them, as garnishees, shall be a sufficient return of the summoning of such garnishees.

"It shall not be necessary to furnish a garnishee with a copy of the writ of attachment, but he may demand and receive from the officers summoning him a notice in writing of the answer he is required to make, as above set forth, and it shall be the duty of the officer, upon such demand, to deliver to the garnishee such written summons."

A writ of garnishment is original process as to the garnishee, and in some respects its service is governed by the rules prescribed as to the service of other original processes. Under § 1528 of the code a general return as to a garnishee named in the writ of "Executed," with the date and signature of the officer, would be as valid as a return by the officer under §§ 2442 and 2443, that he "has summoned certain persons, naming them, as garnishees." Such return in either case would imply that the process had been served in the manner required by law. *Benson* v. *Halloway*, 59 Miss. 358. But when the return is special and sets forth, as in this case, how the process was executed, no presumption is indulged in favor of its validity, and it must appear from the return that the law has been complied with.

If it be assumed that the return made in this case implies that a copy of the writ was delivered to the appellant personally, there is no provision of the code which renders such service valid as to a garnishee. Section 1527 of the code provides that original process may be served personally by the delivery of a copy, and but for §§ 2442 and 2443 of the code prescribing the specific mode of summoning a garnishee, delivery of a copy personally would be sufficient as to him. But when the three sections are construed together, as they must be, the first is so limited and qualified by the other two as to repel the suggestion that what is required to be done in the one case would be sufficient in the other.

*Reversed,*